```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x
 MERCHANTS INSURANCE GROUP and
 MERCHANTS INSURANCE GROUP a/s/o
 DANIEL HESS and DEEJAY CARPET
 CO., INC.,
                                                            MEMORANDUM AND ORDER
                     Plaintiffs,
                                                            Civil Action No.
           - against -                                      03-CV-6017 (DGT)(RLM)

 MITSUBISHI MOTOR CREDIT
 ASSOCIATION and MITSUBISHI MOTOR
 CREDIT OF AMERICA, INC.,

                     Defendants.
-------------------------------------------------- x
```

TRAGER, J.

Plaintiffs, an insurance company suing on its own behalf and as subrogors of Daniel Hess and DeeJay Carpet Co., Inc., seek contribution from defendants Mitsubishi Motor Credit Association and Mitsubishi Credit of America ("defendants" or "MMCA") for a jury verdict rendered in New York State Supreme Court, Queens County. Plaintiffs move for a declaration that defendants must pay their portion of the jury verdict upon an entry of judgment in the primary action. Defendants cross-move for summary judgment arguing that the action is not ripe and, therefore, non-justiciable at this time. For the following reasons, plaintiffs' motion is denied and defendants' motion is granted.

## Background

On November 27, 1997, a vehicle owned by MMCA and leased by Jocelyn DeJean, collided with a vehicle owned by Deejay Carpet and driven by Daniel Hess, subrogees of plaintiffs, in Queens, New York. Amended Verified Comp. ("Comp.") ¶ 33; Affirmation of William S. Matlin in Support of Plaintiffs' Motion for Summary Judgment ("Matlin Aff.") Ex. L (copy of accident report). At the time of the accident Jerry DeJean, Ms. DeJeans' son, was operating Ms. Dejean's vehicle with her permission. Id. ¶ 15. As a result of the accident, Ms. DeJean sustained severe and serious injuries for which she sought treatment. Id. ¶ 33.

Ms. DeJean brought an action in New York State Supreme Court, Queens County, entitled DeJean v. Hess, Index No. 01671-98, against Jerry DeJean as well as DeeJay Carpet and Hess. Id. ¶¶ 24-25. On March 26, 2003, after a bifurcated trial, a jury returned a $700,000 verdict in Ms. Dejean's favor and found Jerry DeJean seventy percent liable for Ms. DeJean's injury and DeeJay Carpet and Daniel Hess thirty percent liable. Id. ¶ 34; Matlin Aff. Ex. C (copy of verdict sheet). To date, no judgment has been entered in DeJean v. Hess and no payment has been made by any party to Ms. DeJean. Comp. ¶ 45; Plaintiff's Statement of Undisputed Facts ¶ 7. No party has offered any explanation as to why the entry of judgment has been delayed for more than two years and counting.

On October 20, 2003, plaintiffs brought the current action for contribution in New York State Supreme Court, Queens County. See Notice of Removal. Subsequently, MMCA removed the action to this court. Id. MMCA argues that this case is not ripe because judgment has not been entered in DeJean v. Hess and plaintiffs, therefore, have not paid anything to Ms. DeJean. In the alternative, MMCA claims that because it is a California domiciliary, this case should be governed by California law and that under California law because their insurer, Reliance Insurance, is defunct, plaintiffs may not seek contribution from MMCA. MMCA finally argues that even if New York law applies, MMCA is not vicariously liable for the accident because it is merely a lienholder and not an owner of Ms. DeJean's vehicle.

**Discussion**

In New York, an adjudicated tortfeasor may seek contribution from a joint, successive, independent, alternative or intentional tortfeasor for the non-adjudicated tortfeasor's apportioned liability. Bd. of Educ. v. Sargent, Webster, Crenshaw & Folley, 71 N.Y.2d 21, 27, 523 N.Y.S.2d 475, 478 (1987). "Technically a claim for indemnity does not arise until the prime obligation to pay has been established." Burgundy Basin Inn, Ltd. v. Watkins Glen Grand Prix Corp., 51 A.D.2d 140, 146, 379 N.Y.S.2d 873, 880 (4th Dep't 1976) (citing Valstrey Serv. Corp. v. Bd. of

Elections, 2 N.Y.2d 413, 415, 161 N.Y.S.2d 52, 53 (1957)). In general, "[t]he caselaw does make clear that the right of contribution ripens only upon indemnification of the underlying obligation." Int'l Multifoods Corp. v. Commercial Union Ins. Co., 309 F.3d 76, 90 (2d Cir. 2002).

MMCA argues that because a judgment has not been entered in the underlying case nor a payment made, under New York Law the present action is not ripe for consideration. Plaintiffs contend that because it is a virtual certainty that judgment will be entered and an attempt to collect on said judgment will soon follow, the case is ripe for consideration, and it is in the interests of judicial economy and fairness to make a declaration of rights.

New York courts allow that a technically unripe claim may proceed in certain limited circumstances for the sake of judicial economy and fairness. See Bay Ridge Air Rights, Inc. v. State of N.Y., 57 A.D.2d 237, 239, 394 N.Y.S.2d 464, 466 (3d Dep't 1977); Burgundy Basin, 51 A.D.2d at 146, 379 N.Y.S.2d at 880. The exception generally only applies where parties seek to "establish their rights and liabilities in one action" by impleading a third party or filing cross-claims against co-defendants. See Burgundy Basin, 51 A.D. 2d at 146, 379 N.Y.S.2d at 880. It appears clear, therefore, that because this is a separate action, in a different court, a New York state court would not see any justification to

depart from the general rule that payment must be made before contribution sought.  See Bay Ridge Air Rights, 57 A.D.2d at 238, 394 N.Y.S.2d at 465 (holding case non-justiciable where plaintiff filed a separate action in state court seeking a declaration that defendant was partially liable for any judgment that would result from a federal case because judgment had not been entered nor payment made).  Moreover, assuming there is discretion to proceed, in light of the failure of the plaintiff to enter judgment without explanation, the court is hesitant to do so.  Therefore, because they have yet to pay any portion of the damages and the entry of judgment has been inexplicably delayed, plaintiffs' claims are unripe and must be dismissed at this time.

## Conclusion

Because plaintiff's claim is not ripe for review, its motion is denied and defendants' motion is granted. Therefore, this case is dismissed without prejudice to re-open if and when a judgment is entered in the state court case and plaintiff makes a payment on that judgment. The Clerk of the Court is directed to close this case.

Dated: Brooklyn, New York
July 11, 2005

SO ORDERED:

_____/s/_____
David G. Trager
United States District Judge