```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
MERCHANTS INSURANCE GROUP and
MERCHANTS INSURANCE GROUP a/s/o
DANIEL HESS and DEEJAY CARPET
CO., INC.,

                    Plaintiff,          CORRECTED MEMORANDUM
                                        AND ORDER
         -against-                      Civil Action No.
                                        CV-03-6017 (DGT)
MITSUBISHI MOTOR CREDIT ASSOCIATION,
and MITSUBISHI MOTOR CREDIT OF
AMERICA, INC.,

                    Defendants.
-----------------------------------X
```

Trager, J.:

Plaintiff Merchants Insurance Group ("plaintiff" or "Merchants"), an insurance company and the subrogor of non-parties Daniel Hess ("Hess") and DeeJay Carpet Co., Inc. ("DeeJay") seeks contribution and indemnity from defendants Mitsubishi Motor Credit Association and Mitsubishi Motor Credit of America, Inc. (collectively "defendants" or "MMCA") for MMCA's portion of a jury verdict rendered in New York State Supreme Court, Queens County in a personal injury lawsuit, <u>Jocelyn DeJean v. Hess and Deejay Carpet</u>, bearing Index Number 1671/98 ("the DeJean action"). Defendants move for summary judgment arguing that plaintiff's claims are barred by both federal law and the insurance codes of California, New York and Pennsylvania. Plaintiff cross-moves for summary judgment, asserting that under New York law MMCA, the lessor of one of the vehicles involved in

the accident, is considered the owner of that vehicle and, therefore, is liable for personal injuries resulting from the negligence operation of that vehicle.

**Background**

On January 31, 1996, non-party Jocelyn DeJean ("Jocelyn DeJean") entered an agreement with MMCA by which she leased a Mitsubishi Galant ("DeJean vehicle"), for twenty-four months through MMCA. July 12, 2006 Affidavit of William S. Matlin in Support of Plaintiff's Motion for Summary Judgment ("July 2006 Matlin Aff.") ¶ 9; July 12, 2006 Affidavit of Howard F. Strongin in Support of Defendants' Motion for Summary Judgment ("July 2006 Strongin Aff.") ¶ 8. On November 27, 1997, Jocelyn DeJean was a passenger in that vehicle when it collided with a van owned by DeeJay and driven by Hess. Jocelyn DeJean's August 7, 1998 Verified Amended Complaint ("DeJean's V. Am. Compl.") ¶ 9; July 2006 Strongin Aff. ¶¶ 3, 6. At the time, the DeJean vehicle was being operated by her son, Jerry DeJean ("Jerry DeJean"), with Jocelyn DeJean's permission. Sometime in 1998, Jocelyn DeJean commenced a lawsuit, the "DeJean action," in New York State Supreme Court, Queens County, against Hess, Deejay, Jerry DeJean and Patrick Dejean[1] in order to recover damages for personal

---

[1] Patrick DeJean is Jocelyn DeJean's son. It is unclear why Patrick DeJean was named in the suit.

injuries she sustained in the November 27, 1997 accident. July 2006 Matlin Aff. ¶ 5. On March 26, 2003, a jury returned a verdict for $700,000 in Jocelyn DeJean's favor. Id. ¶ 6. Liability was apportioned between the DeJean vehicle's operator, Jerry DeJean, and DeeJay and Hess, in amounts of seventy percent and thirty percent, respectively. Id.

At the time of the accident, Jocelyn DeJean's vehicle was insured by Allstate Insurance Company. The Allstate policy had a liability limit of $100,000 per occurrence. Id. ¶ 14. The DeJean vehicle's lessor, MMCA, had a liability insurance policy with Reliance Insurance Company ("Reliance"). Reliance is a Pennsylvania corporation that was placed into liquidation on October 3, 2001, and is now defunct. DeeJay's van was insured by Merchants with a liability limit of $1,000,000. Id. ¶ 15. Despite the jury's finding of only thirty percent fault on behalf of Deejay and Hess, Deejay and its insurer Merchants became obligated to pay the entire verdict because of joint and several liability. Id. ¶ 16 ; Pl.'s Am. V. Compl. ¶¶ 35-36.

For reasons that are unclear from the record, entry of judgment in the DeJean action did not occur for over two years. In the interim between the jury verdict and entry of judgment, Merchants filed the instant suit, seeking, on their own behalf and as subrogor for Deejay and Hess, contribution and indemnity from MMCA to recover MMCA's proportionate share of the DeJean

3

verdict. Merchants initially filed suit in October 2003 in New York State Supreme Court, Queens County. Plaintiff's Amended Verified Complaint. The case was subsequently removed to federal court on or about November 26, 2003. Plaintiff thereafter moved for summary judgment and for a declaration that MMCA was obligated to pay its proportionate share of the jury verdict upon entry of judgment in the DeJean action. Defendants cross-moved for summary judgment arguing that the action was not justiciable because judgment had not yet been entered in the DeJean action.

On July 11, 2005, plaintiff's suit was dismissed without prejudice, as it was not yet ripe for review. <u>Merchants Ins. Group. v. Mitsubishi Motor Credit Ass'n</u>, No. 03-cv-6017, 2005 WL 1631145 (E.D.N.Y. July 11, 2005). Merchants was granted leave to re-open the case if and when judgment was entered in the DeJean action and Merchants made its payment. The remainder of defendants' and plaintiff's arguments were not addressed on the merits at that time. The Clerk of the Court was directed to close the case; on July 12, 2005, the case was terminated and on July 13, 2005, judgment was accordingly entered.

On August 26, 2005, a judgment of $855,376.64 was finally entered in state court in the DeJean action. July 2006 Strongin Aff. ¶ 7, Ex. D (Judgment with Notice of Entry). Merchants satisfied the judgment at a reduced amount of $600,000 on or about December 12, 2005. Plaintiff's July 12, 2006 Statement of

4

Undisputed Facts ¶ 13, Ex. E (copy of the check from Merchants Insurance Group). Once Merchants made payment on the DeJean judgment, Merchants' counsel asked to re-open the case by letter dated January 27, 2006 and the case was subsequently re-opened in June 2006.[2]

**Discussion**

**(1)**

**New York Vehicle and Traffic Law**

Defendants qualify as owners of the DeJean vehicle under New York law. New York law defines an "owner" as:

> [a] person, other than a lien holder, having the property in or title to a vehicle or vessel. The term includes a person entitled to the use and possession of a vehicle or vessel subject to a security interest in another person and also includes any lessee or bailee of a motor vehicle or vessel having the exclusive use thereof, under a lease or otherwise for a period of greater than thirty days.

N.Y. VEH. & TRAF. LAW § 128 (McKinney 2005). Defendants do not dispute that they are the title owner of the DeJean vehicle.

New York law holds defendants, as owner of the DeJean

---

[2] Merchants' letter asking to re-open the action does not appear on the docket sheet, but is referenced in a June 7, 2006 letter proposing a briefing schedule for summary judgment motions. Merchants' request to re-open the action was granted orally by chambers on June 1, 2006.

vehicle, responsible for damages arising from Jerry DeJean's negligent operation of that vehicle. N.Y. Veh. & Traf. Law § 388 (McKinney 2005). Section 388 states, in relevant part, that:

> Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

Id.

New York courts have consistently held that owners of leased vehicles are vicariously liable under § 388 for the negligent operation of those vehicles. See, e.g. Litvak v. Fabi, 8 A.D.3d 631, 632, 780 N.Y.S.2d 155, 155-56 (2d Dep't 2004) (holding that defendant, who was assigned lease from lessor and held title to vehicle, was an "owner" of vehicle within the meaning of §§ 128 and 388); Sullivan v. Spandau, 186 A.D.2d 641, 642-43, 589 N.Y.S.2d 49, 50-51 (2d Dep't 1992) (holding that defendant lessor, who leased vehicle for a term of twenty-two months, was an owner under § 128 and jointly and severally liable under § 388).[3]

---

[3] Despite this precedent, defendants offer a number of arguments claiming that they are, in fact, not liable under New York law. Because, as explained infra, federal law preempts defendants' liability under § 388, there is no need to address defendants' arguments concerning New York law.

**(2)**

**Federal Preemption of § 388**

**a. The "Graves Amendment"**

Plaintiff's suit against MMCA is premised on a vicarious liability theory pursuant to § 388. However, the application of Section 388 to lessors, such as defendants, has been preempted by federal law. On August 10, 2005, Congress enacted 49 U.S.C. § 30106(a). This statute, commonly referred to as the "Graves Amendment", provides that:

> (a) In general. - An owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State . . . by reason of being the owner of the vehicle . . . for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
>
> > (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and
> >
> > (2) there is no negligence or wrongdoing on the part of the owner.

49 U.S.C. § 30106.

The language of the Graves Amendment covers defendants' lease of the DeJean vehicle. Courts have consistently held that the Graves Amendment prohibits states from imposing vicarious liability on owner-lessors such as defendants where the lessor is not negligent. See, e.g. Garcia v. Vanguard Car Rental USA, Inc., No. 06-cv-220, 2007 WL 686625, at *6 (M.D. Fla. Mar. 5,

7

2007) ("By its express language the Graves Amendment preempts all state statutory and common law to the extent those laws hold owners in the business of renting or leasing motor vehicles vicariously liable for the negligence of drivers, except when there is negligence or criminal wrongdoing on the part of the owner."); Johnson v. Agnant, 480 F. Supp. 2d 1, 4 (D.D.C. 2006) (holding that § 30106 expressly repeals all state and political subdivision laws that impose vicarious liability). Moreover, New York State court decisions have held that § 388 has been preempted by the Graves Amendment. See, e.g. Hernandez v. Sanchez, 40 A.D.3d 446, 447, 836 N.Y.S.2d 577, 578 (1st Dep't 2007) (recognizing that Graves Amendment barred action against defendant lessor where only basis for liability was § 388); Infante v. U-Haul Co. of Florida, 11 Misc. 3d 529, 530, 815 N.Y.S.2d 921, 921 (Sup. Ct. Queens County 2006) (noting that the Graves Amendment resolved a long-standing debate as to the propriety of imposing vicarious liability on car owners who rent or lease vehicles that are subsequently involved in accidents by prohibiting vicarious liability laws in states such as New York that previously permitted it, and holding, accordingly, that vicarious liability claim against rental company was preempted by the Graves Amendment).[4]

---

[4] To date, only one court has found the Graves Amendment unconstitutional. Graham v. Dunkley, 13 Misc. 3d 790, 799-806, 827 N.Y.S.2d 513, 519-25 (Sup. Ct. Queens County 2006) (holding

**b.   Applicability and Effective Date of the Graves Amendment**

Plaintiff concedes that the Graves Amendment "dramatically changed New York law by eliminating vicarious liability for rental and leasing companies," but argues that the Graves amendment does not apply to the instant action, which was first filed in October 2003.  July 2006 Matlin Aff. ¶ 7.  The Graves Amendment, which was enacted on August 10, 2005, applies to any "action commenced on or after [its] date of enactment . . . without regard to whether the harm that is the subject of the action, or the conduct that caused the harm occurred before such date."  49 U.S.C. § 30106(c).  Interestingly, that enactment date falls in the interim period between the dismissal of Merchants' suit without prejudice on July 11, 2005 and June 2006, when this matter was re-opened.  Therefore, the applicability of the Graves Amendment turns on whether plaintiff's action is considered to

---

that Graves Amendment exceeded Congress' Commerce Clause powers).  Graham, however, has not been followed by any other court.  To the contrary, a number of courts have explicitly found the statute constitutional.  See, e.g. Seymour v. Penske Truck Leasing Co., No. 407-cv-015, 2007 WL 2212609, at *2 (S.D. Ga. July 30, 2007) (rejecting Graham and concluding that § 30106 is a valid exercise of Congress's power to regulate interstate commerce); Garcia v. Vanguard Car Rental USA, Inc., --- F. Supp. 2d ---, No. 5:06-cv-220, 2007 WL 686625, at *13 (M.D. Fla. Mar. 5, 2007) (finding that the Graves Amendment is a constitutional exercise of Congress' Commerce Clause powers).  Not only is Graham is neither binding nor persuasive, plaintiff has not even questioned the statute's constitutionality.

9

have been "commenced" in October 2003[5] when the action was originally filed or in June 2006 when the suit was re-opened. The Graves Amendment would only apply if the latter date is found to be controlling. No cases interpreting the Graves Amendment have addressed this specific issue.[6]

A federal court sitting in diversity applies state law to determine what events serve to commence an action. Diffley v. Allied-Signal, Inc., 921 F.2d 421, 423 (2d Cir. 1990) ("In diversity cases, 'state statutes of limitations govern the timeliness of state law claims', and state law 'determines the related questions of what events serve to commence an action and to toll the statute of limitations'") (quoting Personis v. Oiler, 889 F.2d 424, 426 (2d Cir. 1989)). Under New York law, "[a]n action is commenced by filing a summons and complaint or summons

---

[5] Defendants removed the case to federal court on or about November 26, 2003. However, the difference between this date and the date in which plaintiff initially filed suit in state court is immaterial for resolution of the instant question, as both dates precede the enactment of Graves Amendment.

[6] The only cases examining 49 U.S.C. § 30106(c) have split over the issue of whether the Graves Amendment applies where an action was commenced prior to August 10, 2005, but the owner-lessor was added as a defendant after August 10, 2005. See Kuryla v. Halabi, 39 A.D.3d 485, 485-86, 835 N.Y.S.2d 230, 231 (2d Dep't 2007) (finding Graves Amendment applicable); Jones v. Bill, 34 A.D.3d 741, 741-42, 825 N.Y.S.2d 508, 509-10 (2d Dep't 2006) (same); but see Williams v. White, 40 A.D.3d 110, 111-12 832 N.Y.S.2d 713, 713-14 (4th Dep't 2007) (finding Graves amendment inapplicable); Leuchner v. Cavanaugh, 42 A.D.3d 893, 837 N.Y.S.2d 887, 887 (4th Dep't 2007) (same). However, those decisions are distinguishable because in all of those cases the actions were justiciable at the time they were originally filed.

10

with notice." N.Y. C.P.L.R. § 304 (McKinney 2001). Plaintiff filed those papers in October 2003, and there is no indication on the docket sheet that a new summons and complaint was ever filed when the case was re-opened. The parties to the lawsuit have remained the same, and plaintiff's claim is unchanged. Therefore, at first blush, it would appear that plaintiff commenced its action prior to the effective date of the Graves Amendment.

Because, however, Merchant's original suit was prematurely filed and, therefore, not justiciable, the date in which the case was re-opened must be considered the date when this suit was commenced for purposes of determining the applicability of the Graves Amendment. Merchants' suit was not properly before the court when originally filed. Prior to entry of judgment in the DeJean action and Merchants' satisfaction of that judgment, Merchants' suit against MMCA was not justiciable. This suit only became justiciable once Merchants satisfied the DeJean judgment in December 2005. Since Merchants could not have brought their suit in justiciable form until after the Graves Amendment was enacted, permitting the original filing date to function as the "commencement date" would reward plaintiff's improper filing and subvert Congress' decision to bar suits, such as the instant one, against lessors based solely on vicarious liability. Moreover, the fact that plaintiff was not, upon re-opening the case,

required to file a new complaint is ultimately irrelevant.[7]  In July 2005, the case was dismissed without prejudice, judgment was entered and the case was closed.[8]  As such, the Graves Amendment preempts plaintiff's claim against defendants.

## Conclusion

For the reasons above, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted.  The Clerk of the Court is directed to close the case.

Dated:   Brooklyn, New York
         January 23, 2008

                                    SO ORDERED:

                                    _____/s/_____
                                    David G. Trager
                                    United States District Judge

---

[7] Plaintiff was permitted, apparently for purposes of procedural expediency, to re-open the case without having to re-file the action under a new index number.  Absent the court's grace in this regard, this whole issue would never have arisen.

[8] Since the Graves Amendment's preemption of § 388 disposes of this matter, it is unnecessary to reach defendants' argument that plaintiff's claim is precluded by California Insurance Law.

12